**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TAMMIE WILLIAMS,

      Plaintiff,

v.                                                                Case No. 8:25-cv-173-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

---

## OPINION AND ORDER[2]

### I.   Status

Tammie Williams ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of spinal problems including lumbar radiculopathy, neuropathy, cervicalgia, chronic migraines, polyarthritis, rheumatoid arthritis, carpal tunnel syndrome, Raynaud's syndrome, and bladder incontinence. Transcript

---

[1]    Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

of Administrative Proceedings (Doc. No. 7; "Tr." or "administrative transcript"), filed March 24, 2025, at 56, 64, 220. Plaintiff protectively filed an application for DIB on August 23, 2021, alleging a disability onset date of April 12, 2021.[3] Tr. at 168-72. The application was denied initially, Tr. at 56-62, 63, 100-03, and upon reconsideration, Tr. at 64-74, 75, 111-13.[4]

On April 12, 2024, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 32-55. On May 30, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-25.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 166-67 (request for review), 343-45 (brief). On November 26, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 22, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g) by

---

[3] Although actually completed on August 4, 2021 and received by the SSA on September 2, 2021, see Tr. at 168, 172, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as August 23, 2021, see, e.g., Tr. at 56, 64, 173.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone with Plaintiff's consent. Tr. at 34, 156-57.

timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) the ALJ "erred as a matter of law when he required [] Plaintiff to corroborate the magnitude of her pain symptoms with objective evidence and mischaracterized [] Plaintiff's daily activities"; and 2) the residual functional capacity [('RFC')] assessment is not supported by substantial evidence where the ALJ failed to evaluate the non-exertional mental limitations arising from Plaintiff's physical impairments." Plaintiff's Brief (Doc. No. 9; "Pl.'s Br."), filed April 23, 2025, at 5, 14 (emphasis and capitalization omitted). On May 12, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 11; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Plaintiff's RFC and the mental limitations resulting from Plaintiff's physical impairments. On remand, this reconsideration may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered

on remand); <u>Demenech v. Sec'y of the Dep't of Health & Human Servs.</u>, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; <u>see also</u> <u>Simon v. Comm'r, Soc. Sec. Admin.</u>, 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

---

[6]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

Here, the ALJ followed the five-step inquiry. See Tr. at 17-24. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 12, 2021, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease; and inflammatory arthritis." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except: [Plaintiff] is further limited to never climbing ladders, ropes, or scaffolds; occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; frequent handling and fingering bilaterally; avoiding concentrated exposure to extreme heat, vibrations, noise, hazards, fumes, odors, dusts, gases, and poor ventilation; moderate levels of noise, as defined in Appendix D of the Selected Characteristics of Occupations (SCO); avoiding work outdoors in bright sunshine; and no work with bright or flickering lights, such as would be experienced in welding or cutting metals.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as an administrative

assistant." Tr. at 23 (citation omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. Tr. at 23-24. After considering Plaintiff's age ("50 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found Plaintiff also can perform "jobs that exist in significant numbers in the national economy," Tr. at 23, such as "Ticket taker," "Mail clerk," and "Marker, pricer." Tr. at 24. The ALJ concluded Plaintiff "has not been under a disability . . . from April 12, 2021, through the date of th[e D]ecision." Tr. at 24 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

- 6 -

Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred in evaluating her RFC by "failing to evaluate the non-exertional mental limitations arising from Plaintiff's physical impairments." Pl.'s Br. at 14 (emphasis and capitalization omitted). According to Plaintiff, she "presented evidence of severe and chronic pain that persisted throughout the relevant time period under review" and for which she has "sought extensive interventional pain management procedures and medications." Id. at 14-15. Plaintiff also suffers from migraine headaches. Id. at 15. Plaintiff contends she notified the SSA that she "has difficulty focusing and following instructions" and "reported difficulty with paying attention and completing tasks" but the ALJ "did not provide any rationale for rejecting Plaintiff's testimony concerning her difficulties with sustaining attention, focus,

and concentration." Id. Plaintiff argues the ultimate RFC is unsupported by substantial evidence. Id. at 15-16.

Responding, Defendant asserts that Plaintiff denied medication side effects to her providers, and "the record is largely devoid of any findings pertaining to her attention, concentration, or memory." Def.'s Mem. at 12. According to Defendant, "the absence of focused discussion regarding these allegations . . . was not an error given the lack of any other complaints or evidence relating to the same in the voluminous medical record." Id.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)); see also Malak v. Comm'r of Soc. Sec., 131 F.4th 1280, 1287 (11th Cir. 2025). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Malak, 131 F.4th at 1287; Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the

national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ recognized Plaintiff's allegation in her function report form that she has difficulty "concentrating, understanding, [and] following instructions." Tr. at 20 (citing Ex. 14E at 6, located at Tr. at 307). The ALJ also recognized Plaintiff's various medications, Tr. at 20, but did not discuss the alleged side effects of making Plaintiff "dizzy, groggy, drowsy feeling" and one in particular "knock[ing] her] out," Tr. at 46. On the whole, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 22. The ALJ did not otherwise discuss medication side effects or alleged concentration from pain. Moreover, likely because the ALJ found at step two in the sequential evaluation that Plaintiff's migraines are non-severe and "well-

controlled," Tr. at 18, the ALJ did not discuss any limitations from them in assessing her RFC.[7]

The ALJ erred in assessing Plaintiff's RFC by not adequately considering Plaintiff's allegations of difficulty with concentrating and understanding. Despite Defendant's argument to the contrary, the record contains ample support for Plaintiff's allegations in this regard, whether from migraines, chronic pain, medication side effects, or a combination of these things.

Plaintiff reported migraines "since childhood" to the SSA early in the administrative process. Tr. at 291-93. Plaintiff stated that during headaches, she finds it "difficult to concentrate." Tr. at 292. In a Disability Report, she indicated that she had "significant problems with memory and concentration." Tr. at 228.

On August 11, 2021, after the alleged disability onset date, Robert Guirguis, D.O., Plaintiff's treating pain management physician, completed a form entitled "Fitness for Duty Report" so that Plaintiff's former employer could determine her eligibility to return to work. Tr. at 544. (Ultimately, Plaintiff's employer determined that Plaintiff was "unable to perform the essential functions of [her] position . . . with or without a reasonable accommodation presently or in the immediate future." Tr. at 326.) This form is not

---

[7] The ALJ did note in the beginning summary of the RFC discussion that Plaintiff alleges disability based in part on the migraines. Tr. at 19.

acknowledged by the ALJ in the Decision, contrary to applicable Regulations requiring the ALJ to explain a medical opinion's consistency and supportability. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). In it, Dr. Guirguis states that Plaintiff's pain affects both her physical functioning and her concentration. Tr. at 544; see also Tr. at 1312 ("cognitive" identified by Dr. Guirguis as a barrier "to a return to work").

Moreover, Plaintiff's migraines deserve more consideration than the ALJ gave them. Plaintiff reported life-long migraines to consultative examiner Eniola Owi, M.D. Tr. at 1319. According to Plaintiff, the migraines occur 4-5 times per month but injections are "helpful." Tr. at 1319. As far as concentration, understanding, and memory, Dr. Owi noted that Plaintiff was able to spell a five-letter word backwards but was "[u]nable to do serial [seven] subtractions." Tr. at 1321; see also Tr. at 687 ("history of migraines" for which Plaintiff receives injections), 702 (history of migraines), 913 (migraines and medications taken), 928-29 (migraines and medications with routine follow up visits to neurology noted), 1026 (migraine with aura, intractable, noted), 1030 Plaintiff "report[ed] having 18 episodes of migraine headaches" with evidently "failed" medication attempts), 1070 (Botox prescribed for migraines), 1083 ("migraines are not improving"), 1265 (Ajovy prescribed for migraines), 2145 (Nurtec prescribed for migraines). Overall, the record does not support the ALJ's finding that the migraines are non-severe and do not have more than a

minimal impact on Plaintiff's ability to perform work-related functions. Whether for their alleged concentration problems or other alleged effects or both, the migraines need to be re-examined on remand.

### V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Reconsider Plaintiff's residual functional capacity, particularly the alleged mental effects of difficulty with concentration, understanding, and following directions, as well as Plaintiff's migraine headaches;

(B)     If necessary, consider Plaintiff's other argument on appeal; and

(C)     Take such other action as may be necessary to resolve this claim properly.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 30, 2026.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record